STATE of Oklahoma ex rel. Howard WICK, Executor of the Estate and Trustee Under the Will of Willis Raymond Wick, deceased, Plaintiff,

v.

E. G. CARROLL, Judge of the District Court of Muskogee County, Defendant.

No. 41613.

Supreme Court of Oklahoma.

Nov. 2, 1965.

Vural L. Gilley, Tulsa, for plaintiff.

Fite, Robinson & Summers, Muskogee, for defendant.

WILLIAMS, Justice:

In this original action Howard Wick described herein as "Executor of the Estate," and as trustee under the will of Willis Raymond Wick, Deceased, asks this Court to assume jurisdiction and prays the issuance of a writ of prohibition directing the judge of the district court of Muskogee County to desist and refrain from further proceedings in case number 40,797 in that court wherein the interpretation of agreements containing trust provisions is said to be sought. As grounds for the extra-ordinary relief which petitioner here (self-described as plaintiff) prays, it is contended that by virtue of 60 O.S.1961, § 175.23 venue of actions concerning interpretation of trust provisions is exclusively in the county where the trustee resides; that Howard Wick is the successor trustee of the trust the deceased settlor of the trust created for each of his two minor children; that the trust instruments contain a typed insertion, to-wit: "Trustee subject to terms of will" showing the settlor's intent that the trust not terminate upon his death. The residence of the successor trustee, Howard Wick, is in Tulsa County as was that of the settlor who constituted himself the original trustee.

Petitioner seeks relief because the district court has overruled the special appearance and motion to quash summons and an amendment thereto of relator here, defendant in that case, and has entered certain orders and assumed jurisdiction. Petitioner says that unless prohibited respondent will proceed to try the case and enter final judgment therein.

Respondent contends that the action in the district court of Muskogee County is not one to interpret a trust but is a suit by a guardian as an adverse claimant to property in the hands of a savings and loan association to which property an alleged trustee is also making a claim, and that the jurisdiction of said court is unaltered by the provisions of 60 O.S.1961, §§ 175.1–175.53.

The facts are that the deceased, on January 15th, 1964, executed a will which named his brother, Howard Wick, as executor and trustee; that on the succeeding day he changed two accounts at the Tulsa Federal Savings and Loan Association, one for his daughter and one for his son, into trust accounts by the execution of trust agreements with reference to such accounts; that deceased made a statement at the time that he wanted to provide for his children in the same manner as he had done in his will and he wanted his brother to be the trustee in the event of his death. The depositary agreements which the deceased executed in changing the accounts contain the typed insertion above-quoted.

The issue between plaintiff and respondent appears to require an interpretation of the effect of the typed insertion in the trust agreement entered into by the deceased at the time he established the trust account.

60 O.S.1961, § 175.23, subsections A and B in pertinent part provide as follows:

"A. The district court shall have original jurisdiction to construe the provisions of any trust instrument; * * *

"B. The venue of such actions shall be in the county where the trustees or any co-trustee resides. * * *."

We find that under the applicable law we should assume jurisdiction of this action

under our authority given by our Constitution. Article VII, Sec. 2.

We conclude that Tulsa County is the county having venue of the action.

Writ granted.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.